UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NESTOR BADILLO-RUBIO**

**VERSUS**

**RF CONSTRUCTION, LLC**

**CIVIL ACTION**

**NO. 18-1092**

### RULING AND ORDER

This matter comes before the Court on *Defendants' RF Construction and Caronda Ford* [sic] *Rule 12(c) Motion for Judgment on the Pleadings* (Doc. 64). The motion was filed yesterday and is not yet opposed, though the time for opposing has not yet expired. *See* M.D. La. LR 7(f) (giving twenty-one days after service of motion to oppose). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' motion is denied.

**I.     Relevant Factual and Procedural Background**

Plaintiff Nestor Badillo-Rubio ("Plaintiff") brings this action against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). (*Compl.* ¶ 16, Doc. 1.) Plaintiff claims he was employed by Defendants as a concrete finisher, that he worked in excess of forty hours per week during his employment, and that he is entitled to overtime for such work. (*Id.* ¶ 5–16.) He also claims that Defendants knowingly and willfully violated the FLSA, so he is entitled to liquidated damages, reasonable attorneys' fees, and equitable relief. (*Id.* ¶ 17.)

On September 30, 2019, a scheduling order was issued in this matter. Dispositive motions were due by May 15, 2020. A bench trial was set for November 30, 2020.

Following a substitution of counsel (Docs. 42–49), on October 1, 2020, Defendant sought a continuance, which this Court granted. (Doc. 54.) Trial was reset to February 25, 2021. (*Id.*)

This matter then proceeded as though it were going to trial. On December 18, 2020, the proposed pretrial order was filed. (Doc. 57.) On January 21, 2021, the Court conducted a pretrial conference and set deadlines for the bench trial. (Doc. 60.) The parties have submitted proposed findings of fact and conclusions of law. (Docs. 62–63.)[1]

On February 8, 2021, less than three weeks before trial, Defendants filed the instant motion. (Doc. 64.) They seek judgment on the pleadings (1) "because Nestor Badillo-Rubio has failed to plead sufficient facts to meet the *Twombly/Iqbal* standard as to any of his claims against them"; and (2) "because he performed no work for Defendants in 2014," so he is not entitled to overtime wages in this year. (*Id.*)

## II.   Discussion

"To assist in the speedy and efficient resolution of cases, [Federal Rule of Civil Procedure] 16(b) requires the court to enter a scheduling order that limits the time litigants may file motions." *Argo v. Woods*, 399 F. App'x 1, 2 (5th Cir. 2010) (per curiam). "Once set, the scheduling order may only be modified by leave of court upon a showing of good cause." *Id.* (citing Fed. R. Civ. P. 16(b)).

Additionally, Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Generally . . . a Rule 12(c) motion is considered timely if it is made early enough not to delay trial or cause prejudice to the non-movant." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2020). " If a party engages in excessive delay before moving under Rule

---

[1] The Court notes that Defendants submitted their proposed findings of fact and conclusions of law untimely. The deadline was February 4, 2021 (Doc. 60), but they submitted theirs on February 5, (Doc. 63). Plaintiffs attempted to comply with the deadline but refiled on February 5 after the Court contacted both parties about the proper form for these documents. (Docs. 61–62.) Defendants offered no explanation for their failure to comply with the deadline, and they did not seek leave of Court to file the document.

12(c), the district court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial." *Id.* "The determination whether the motion is a legitimate one or simply has been interposed to delay the trial is within the sound discretion of the judge." *Id.*

Thus, for example, in *Argo v. Woods*, 399 F. App'x 1 (5th Cir. 2010), the Fifth Circuit found no abuse of discretion in the district court's denial of a Rule 12(c) motion as untimely. *Id.* at 2–3. The Court explained,

> Even if we were to construe his Rule 12(c) motion as one requesting leave to amend the scheduling order, Woods fails to give any reason how he meets Rule 16's fairly stringent "good cause" standard which requires him to give a persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions could not "reasonably be met despite the diligence of the party seeking the extension." (citing Fed. R. Civ. P. 16(b) advisory committee's note (1983)).

*Id.* at 3. *See also Sea–Land Services, Inc. v. D.I.C., Inc.*, 102 F.R.D. 252, 253–54 (S.D. Tex. 1984) (denying defendant's Rule 12(c) motion filed seven months after motion cut-off date because "[t]he Defendant offers the court no explanation or showing of 'good cause' why on the eve of trial the motion should be considered.") (cited with approval by *Argo*)).

The Court finds that the same reasoning applies here. Defendants filed the instant motion eight months after the dispositive motion deadline. They offer no explanation for filing this motion three weeks before trial, much less one strong enough to constitute "good cause" under Rule 16(b).

Further, the Court can find no reason why this motion could not have been filed sooner. Defense counsel sought a continuance in October 2020 because she was only recently enrolled in the case, and the Court granted that to give her adequate time to prepare for trial. Despite this, she waited four months before filing this motion on the eve of trial. The Court finds that the instant

motion is a blatant attempt to delay the trial and thus is untimely under Rule 12(c). For all these reasons, Defendants' motion will be denied.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that *Defendants' RF Construction and Caronda Ford* [sic] *Rule 12(c) Motion for Judgment on the Pleadings* (Doc. 64) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 9, 2021.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**