UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NESTOR BADILLO-RUBIO

VERSUS

RF CONSTRUCTION, LLC, ET AL.

CIVIL ACTION

NO. 18-1092-JWD-RLB

### RULING AND ORDER

This matter comes before the Court on the *Motion to Tax Attorney's Fees and Costs* (Doc. 87) (the "*Motion*") filed by plaintiff Nestor Badillo-Rubio ("Plaintiff"). Defendants RF Construction, LLC, Caronda Ford, and Stucco Friends, LLC (collectively, "Defendants") have failed to oppose the *Motion*. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the *Motion* is granted.

**I.    Relevant Factual and Procedural Background**

Plaintiff filed this lawsuit against Defendants on December 20, 2018. (Doc. 1.) Plaintiff claimed that Defendants failed to pay him overtime compensation in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (*Id.* at 3–4.) Plaintiff also claimed that Defendants' violation was knowing and willful, thus entitling him to liquidated damages. (*Id.* at 4.)

On June 16, 2021, a bench trial was held in this matter. (Doc. 83.) On March 17, 2022, the court issued *Findings of Fact and Conclusions of Law* wherein the Court awarded Plaintiff (1) his unpaid overtime compensation in the amount of $2,602.08; (2) liquidated damages in the amount of $2,602.08; (3) attorney's fees and costs in an amount to be set by the court; and (4) mental and

emotional distress damages in the amount of $2,500 for Defendants' violation of the FLSA's anti-retaliation provision. (Doc. 84 at 38–39.) Judgment was entered the following day. (Doc. 85.)

## II. The Instant Motion

On April 28, 2022, Plaintiff filed the instant *Motion to Tax Attorney's Fees and Costs* requesting a judgment against Defendants for $26,822.50 in attorney's fees. (Doc. 87.) This amount includes: (1) Mr. James Bullman's 78.45 hours worked on this matter at a rate of $250.00 per hour, (2) Mr. Rusty Messer's 16 hours worked on this matter at a rate of $350.00 per hour, and (3) Mr. Brian Blackwell's 4.6 hours worked on this matter at a rate of $350.00 per hour. (*See* Doc. 87-1 at 3–4.)

Plaintiff provided affidavits justifying the rate for attorneys James Bullman and Rusty Messer. (Docs. 87-2 and 87-3.) Plaintiff states that Mr. Bullman has practiced law for 9 years. (Doc. 87-2 at 2.) Further, Plaintiff emphasizes Mr. Bullman's success in federal courts, which include commercial disputes, Lanham Act violations, Civil Rights issues, and FLSA matters from federal courts in New Jersey, Texas, Louisiana, and the U.S. Fifth Circuit Court of Appeals. (*Id.* at 2.) Additionally, Plaintiff asserts that Mr. Bullman's rate is typically higher, but given the "smaller nature of this matter," he is charging a rate of $250.00 per hour. (Doc. 87-1 at 2.) Plaintiff also notes three cases (one from each federal district in this state) finding that a rate of $250.00 per hour was a reasonable rate for Mr. Bullman. (Docs. 87-1 at 2–3 and 87-2 at 2–3.) Further, Plaintiff cites to Louisiana federal district courts cases where the court found numerous rates in excess of $250.00 per hour were reasonable. (Doc. 87-1 at 3.)

Next, Plaintiff notes that Mr. Messer has practiced law for 16 years. (Doc. 87-3 at 3.) He has practiced in federal courts since the beginning of his practice in 2006, and he is licensed in both Louisiana and Texas, including all Louisiana federal courts, the U.S. Fifth Circuit, the Eastern

2

District of Texas, and all U.S. Immigration Courts. (Doc. 87-3 at 1–2.) Mr. Messer's practice focuses on representing Hispanic individuals, and he routinely handles federal criminal and civil rights cases. (*Id.* at 2.) Mr. Messer is fluent in Spanish, (*id.*), and Plaintiff argues this "was critical in facilitating communications and trial strategy with the Plaintiff," who has a limited understanding of the English language. (Doc. 87-1 at 4.) Mr. Messer charges a rate of $350.00 per hour. (Doc. 87-3 at 2.)

Lastly, plaintiff states Mr. Blackwell has practiced law since 1987 and defended numerous Fortune 500 and organizational clients in state and federal courts until 1993. (Doc. 87-2 at 3-4.) Since 1993, Mr. Blackwell has represented individuals in all types of claims relating to their employment, including FLSA actions. (*Id.*) He charges a rate of $350.00 per hour and he has expended 4.6 hours working on this case. (Doc. 87-2 at 4.)

Based on qualifications of the attorneys' stated above and prior rulings stating that similarly priced hourly rates were reasonable, Plaintiff maintains that the attorneys' rates were reasonable. (*See* Doc. 87-1 at 2–4.) Further, Plaintiff contends that the most important factor in determining the attorney fee award is the degree of success obtained. (*Id.* at 4 (citing *Johnson Black v. Settlepou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013)).) Plaintiff argues that there should be no reduction of the lodestar fee since the result of the case was recovery of the entire claim after a trial on the merits. (*Id.*)

### III.   Relevant Standard

Before awarding attorney's fees in Louisiana, "courts must assess whether fees are reasonable." *Cargill, Inc. v. Clark*, No. 10-487, 2013 WL 1187953, at *1 (M.D. La. Mar. 21, 2013) (Brady, J.). In applying the reasonableness requirement from the Louisiana Rules of Professional Conduct rule 1.5(a), Louisiana courts consider the following factors in determining

whether the fees are reasonable: "(1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge." *Id.* at *1–2 (citing *La. Dep't of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 442 (La. 1992) (Mem.)).

Additionally, the Fifth Circuit uses a "lodestar" method to assess and award attorney fees. *Id.* at *2 (citing *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar method is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Id.* (citing *Heidtman*, 171 F.3d at 1043). The district court can increase or decrease the lodestar based on the weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.* The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. *Id.* Such reconsideration is impermissible double-counting. *Id.*

The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases[.]" *Id.* (citing *Heidtman*, 171 F.3d at 1043 n.5)

### IV. Analysis

In sum, the Court will grant the Plaintiff's request for $26,822.50 in attorney's fees. "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (*citing Islamic*, 876 F.2d at 469). The "district court is itself an expert on the issue of fees and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." *Bank of Am., N.A. v. Teryl Emery DDS, LLC*, No. 15-778, 2017 WL 879281, at *4 (M.D. La. Mar. 6, 2017) (deGravelles, J.) (cleaned up).

Mr. Bullman's rate of $250.00 is reasonable. Mr. Bullman has practiced law for nine years in federal court, and FLSA violations have been the primary focus of Mr. Bullman's work for the past five years. (Doc. 87-2 at 2.) Further, the Plaintiff's affidavit notes three instances when federal district courts found that a rate of $250.00 per hour was a reasonable rate for Mr. Bullman. (Doc. 87-2 at 2-3.) Given the prior rulings of federal district courts and Mr. Bullman's experience, this Court finds the rate of $250.00 per hour as reasonable for Mr. Bullman.

Next, Mr. Messer's rate of $350.00 per hour is reasonable. Mr. Messer has practiced law in federal courts for approximately sixteen years. (Doc. 87-3 at 1.) Further, Mr. Messer is fluent in Spanish, and his practice focuses on representing Hispanic workers. (Doc. 87-3 at 2.) Based on Mr. Messer's specialized experience with Hispanic clients and his years of experience in federal court, this Court finds that Mr. Messer's rate of $350.00 per hour is reasonable.

Lastly, Mr. Blackwell's rate of $350.00 per hour is reasonable. Mr. Blackwell has practiced law for approximately 35 years and has dealt with FLSA actions and other employment claims for approximately 29 years. (Doc. 87-2 at 3.) Thus, Mr. Blackwell's rate of $350.00 per hour is reasonable for a lawyer with decades of experience in employment-related claims and actions.

Additionally, similar rates have been found reasonable by other courts. In *Dufrese-Reese v. Healthy Minds, Inc.*, the court found that rates of $325.00 and $225.00 per hour were reasonable rates for an attorney after obtaining a judgement holding the defendants joint and severally liable under the under the Fair Labor Standards Act (FLSA). *Dufrese-Reese v. Healthy Minds, Inc.*, No. 18-1134, 2020 WL 5437743, at *1, *4 (W.D. La. Sept. 10, 2020). The court noted that, when dealing with a specialized area of law like FLSA, evidence outside of the relevant legal market can be considered if there is not a sufficient number of practitioners in the area. *Id.* The court focused on the personal experience of the attorney, who "prosecuted over 200 wage lawsuits in Texas in the last five years and over 500 wage lawsuits in Arkansas in the last ten years," and the court emphasized the experience of the firm, noting that since 2009, cases filed by the firm have resulted in $13,000,000.00 in settlement and judgment money. *Id.* Consequently, the court concluded that the hourly rates of $325.00 and $225.00 were reasonable. *Id.*

Likewise, other district courts have found that comparable rates were reasonable. *See Total Rebuild, Inc. v. PHC Fluid Power, LLC*, No. 15-1855, 2017 WL 1129868, at *1 (W.D. La. Mar. 23, 2017) (finding that the hourly rates of $260.00 for 2016 and $275.00 for 2017 in a patent infringement case for fees and expenses related to filing a motion to compel discovery responses); *Roberts v. Vantage Deepwater Drilling, Inc.*, No. 16-849, slip op. at 2–3 (W.D. La. June 15, 2017) (finding that rates of $275.00 and $200.00 per hour were reasonable for attorneys' fees in a

maritime personal injury case after balancing the prevailing rates in the Western District against the prevailing rates in the district where the attorneys typically practiced).

In any event, the defendant did not oppose the motion. Since the rates are not contested, they are *prima facie* reasonable. *La. Power & Light Co.* at 328.

Additionally, the hours billed by each attorney are reasonable. Mr. Bullman billed 78.45 hours, Mr. Messer billed 16 hours, and Mr. Blackwell billed 4.6 hours, for a total of 99.05 hours. (Doc. 87-1.) A total of 99.05 hours is a reasonable considering this case has lasted over three years, required pretrial motion practice and briefing, went to trial, and necessitated post-trial briefing. Thus, the lodestar rate is $26,822.50 (sum of $250.00 x 78.45, $350.00 x 16, and $350 x 4.6).

"Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases." *Ocwen Loan Servicing, LLC v. Deane*, No. 15-682, 2017 WL 6816499, at *4 (N.D. Tex. Dec. 1, 2017) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)), *report and recommendation adopted*, No. 15-682, 2018 WL 309105 (N.D. Tex. Jan. 5, 2018). After consideration of the time and labor of the attorneys, results obtained, duration, the *Johnson* factors, and rule 1.5(a), this Court concludes that no adjustment should be made to the lodestar.

V.  **Conclusion**

According,

**IT IS ORDERED** that the *Motion to Tax Attorney's Fees and Costs* (Doc. 87) filed by Plaintiff Nestor Badillo-Rubio ("Plaintiff") is **GRANTED** and that Defendants RF Construction, LLC, Cardonda Ford, and Stucco Friends, LLC shall pay to Plaintiff's counsel $26,822.50 in attorneys' fees. The amount awarded to each attorney shall be as follows: $19,612.50 to Mr. Bullman, $5,600.00 to Mr. Messer, and $1,610.00 to Mr. Blackwell.

Signed in Baton Rouge, Louisiana, on <u>October 6, 2022</u>.

**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**